UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| Pete E. Dutton, | Case No. 16-cv-0668 (WMW/LIB) |
|---|---|
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| St. Louis County, et al., | |
| Defendants. | |

---

This matter is before the Court on the July 13, 2018 Report and Recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois, (Dkt. 96), which recommends granting Defendant Nurse Martinson's motion for partial summary judgment and dismissing the remainder of Plaintiff Pete E. Dutton's complaint with prejudice.

In this lawsuit, Dutton makes three claims against Nurse Martinson: deliberate indifference to his medical needs, in violation of the Fourteenth Amendment to the United States Constitution (Count 1); medical malpractice by failing to have him transported to a hospital for medical treatment (Count 3); and negligence, also arising from the delay in transporting him to a medical facility (Count 4).[1] Because of the delay, Dutton alleges, he experienced severe pain and suffered postoperative complications from surgery to treat a perforated gastric ulcer.

---

[1] The Court dismissed all of the claims asserted against the other defendants, including Count 2 of the complaint, on June 25, 2018, pursuant to a stipulation of dismissal filed by the parties. Thus, the three claims against Nurse Martinson are the only claims remaining in this case.

Dutton filed a timely objection to the R&R, (Dkt. 97), and Nurse Martinson filed a timely response, (Dkt. 98). For the reasons addressed below, the Court overrules Dutton's objection, adopts the July 13, 2018 R&R, grants Nurse Martinson's motion for summary judgment as to Count 1 of Dutton's complaint and dismisses the remainder of Dutton's complaint with prejudice. The Court addresses each recommendation in turn.

**A.**

Dutton does not object to the recommendation that the Court dismiss with prejudice his medical malpractice and negligence claims, Counts 3 and 4 respectively. In the absence of objections, a district court reviews an R&R for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

Under Minnesota law, a party alleging medical malpractice or negligence committed by a healthcare provider ordinarily must furnish an affidavit of expert disclosure. Minn. Stat. § 145.682, subds. 2, 4. Failure to do so results in mandatory dismissal. *Id.*, subd. 6(b). This requirement does not apply, however, if the alleged negligent acts are within "the general knowledge and experience of lay persons." *Tousignant v. St. Louis Cty.*, 615 N.W.2d 53, 58 (Minn. 2000) (internal quotation marks omitted). The R&R concludes that Dutton is required to comply with Minn. Stat. § 145.682 because the alleged negligence does not meet the statutory exception to the expert-review requirement. As Dutton did not submit an affidavit of expert disclosure, the R&R correctly concludes that

Counts 3 and 4 of Dutton's complaint are subject to mandatory dismissal. Finding no clear error as to the R&R's recommendation to dismiss with prejudice Counts 3 and 4 of Dutton's complaint, the Court adopts this aspect of the R&R.

**B.**

Dutton objects to the recommendation that this Court grant Nurse Martinson's motion for summary judgment on Dutton's claim of deliberate indifference to his medical needs (Count 1). When a party files and serves specific objections to a magistrate judge's proposed findings and recommendations, the district court reviews de novo those portions of the R&R to which an objection is made. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3).

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Dutton challenges the R&R's conclusion that that the delay in receiving medical treatment and the resulting pain that Dutton experienced were insufficient as a matter of law to state a deliberate-indifference claim. Dutton also maintains that the R&R erroneously concludes that he failed to raise a genuine issue of material fact as to two matters: Nurse Martinson's subjective state of mind and whether the delay caused postoperative complications.

To prove a claim of deliberate indifference to an inmate's medical needs, a plaintiff must establish that the defendant knew of and deliberately disregarded an objectively serious medical need. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008).

3

Deliberate indifference is "more blameworthy than negligence," but deliberate indifference is not as blameworthy as "purposefully causing or knowingly bringing about a substantial risk of serious harm." *Schaub v. VonWald*, 638 F.3d 905, 914-15 (8th Cir. 2011) (internal quotation marks omitted). Both the deprivation of medical care and grossly incompetent medical care can be independent grounds for a deliberate-indifference claim. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010). But, without more, neither a healthcare provider's negligence, nor a patient's disagreement with treatment decisions rises to a constitutional violation. *Jenkins v. Cty. of Hennepin*, 557 F.3d 628, 632 (8th Cir. 2009); *Jones v. Minn. Dep't of Corrs.*, 512 F.3d 478, 482 (8th Cir. 2008).

Here, even when *assuming*, without deciding, that the existence of Dutton's objectively serious medical need has been proved, the Court concludes that there is no evidence that Nurse Martinson knew of Dutton's medical need and acted in deliberate indifference to it. Dutton alleges that Nurse Martinson deliberately delayed Dutton's transportation to the hospital, which exacerbated Dutton's pain and caused him to experience postoperative complications. But even when viewed in the light most favorable to Dutton, his allegations are legally insufficient to avoid summary judgment. The record reflects that Nurse Martinson's treatment of Dutton was consistent with her duty of care and with St. Louis County Jail's procedures. Because Dutton has not raised a genuine issue of material fact as to Nurse Martinson's knowledge of and deliberate indifference to Dutton's medical need, the Court overrules this objection.

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Pete E. Dutton's objections, (Dkt. 97), are **OVERRULED**;

2. The July 13, 2018, R&R, (Dkt. 96), is **ADOPTED**;

3. Counts 3 and 4 of Dutton's complaint are **DISMISSED with prejudice**; and

4. Defendant Nurse Elizabeth Martinson's motion for partial summary judgment as to Count 1 of Dutton's complaint, (Dkt. 54), is **GRANTED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: October 3, 2018                              s/Wilhelmina M. Wright
                                                    Wilhelmina M. Wright
                                                    United States District Judge